Argued April 1, affirmed April 22, 1964

## CLOMAN *v.* CLARK
391 P. 2d 647

*Robert G. Hawkins,* Portland, argued the cause for appellant. With him on the brief were Hawkins & Curran, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, Portland, and Lewis B. Hampton, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and O'Connell, Justices.

O'CONNELL, J.

This is an appeal by plaintiff from a judgment dismissing a proceeding in habeas corpus and remanding plaintiff to the custody of the warden of the Oregon State Penitentiary.

In 1962 plaintiff had pleaded guilty to the crime of attempted grand larceny and was sentenced to a term not to exceed five years in the Oregon State Penitentiary. Execution of the sentence was suspended and plaintiff was placed on probation. On March 22, 1963 probation was revoked.

Plaintiff's petition for a writ of habeas corpus alleges that the revocation of probation was unlawful in that there was no substantial evidence that he had violated any of the conditions of the probation order.

At the hearing on the order to show cause why probation should not be revoked two Multnomah county deputy sheriffs testified that they saw plaintiff coming out of a warehouse the door of which had been forced open by a pry bar. When plaintiff was apprehended he was in the company of Samuel Brown. The Multnomah county district attorney informed the court that the sheriff's report showed that Brown had served time in the penitentiary for robbery and rape. Plaintiff's probation was revoked on two grounds, (1) that plaintiff was apprehended in the

act of committing a crime, and (2) that he was associating with an ex-convict.

■ The evidence is sufficient to support the trial judge's conclusion that plaintiff was apprehended in the act of committing a crime. Therefore his action in revoking plaintiff's probation was not arbitrary.

Plaintiff also alleges that the revocation order was unlawful because he did not have the benefit of counsel during the revocation hearing. Richard C. Horn had been appointed by the court to represent plaintiff but at the outset of the revocation hearing Mr. Horn stated that he had not had sufficient time to discuss the case with plaintiff and that, therefore, plaintiff was not adequately represented. The trial judge then asked plaintiff if he wanted to talk to his counsel to which he replied affirmatively. When plaintiff's counsel made known the fact that he was scheduled to appear in another court the judge assured him that "the other court will wait if you need more time." Plaintiff and his counsel were given the report of the district parole officer. The record indicates that thereupon there was a short recess. When Mr. Horn raised the question of the adequacy of plaintiff's representation at the hearing prior to the recess the trial judge expressed the view that there is no right to counsel in a probation revocation hearing.

■ It is not necessary for us to express our view on this question because we are of the opinion that plaintiff was not deprived of adequate representation in this case. Time was allowed for consultation between plaintiff and his counsel. When that consultation was concluded no request was made for a postponement of the hearing for the purpose of better preparing plaintiff's case. In the absence of such a request we

must assume that plaintiff and his counsel had no objection to proceeding with the hearing· then under way. We have no reason for assuming that the trial judge would not have postponed the hearing if plaintiff's counsel had explained the need for additional time.[1]

We have examined the other grounds urged for reversal and find them without merit.

The judgment is affirmed.

---

[1] In the habeas corpus hearing the trial judge stated that he "told Horn to go in and have a conference with him [plaintiff] and see whether he wanted any continuation or not; and Horn came out and said no, he didn't want a continuation, they were ready to proceed, and Cloman said nothing to the contrary at that time." Although the record does not indicate that there was an express mention of a possible continuation, it is fair to assume that since the judge recessed the hearing for the purpose of permitting consultation he would have granted a request for further continuation time if the need for it had been explained to him.